SECURITY TRUST & SAVINGS BANK, FORMERLY EXECUTOR, ESTATE OF CHARLES A. GOODYEAR, AND NOW TRUSTEE OF CERTAIN ASSETS OF SAID ESTATE; FRED L. WALTER, EXECUTOR, ESTATE OF HENRIETTA GOODYEAR; FRED. L. WALTER AND JOSEPH E. WALTER, HEIRS AND SOLE BENEFICIARIES OF THE ESTATE OF HENRIETTA GOODYEAR, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 10304.   Promulgated April 26, 1928.

*Charles F. Hutchins, Esq.,* for the petitioners.
*John W. Fisher, Esq.,* for the respondent.

831

OPINION.

TRUSSELL: This is an estate tax issue and the sole question before us is the propriety of the action of respondent in adding to the gross estate of Charles A. Goodyear a value attributable to properties which respondent considered to have been transferred with intention to take effect at or after death. Respondent concedes that the transfers were not in contemplation of death.

In 1909, thirteen years prior to the death of decedent, in accordance with agreements in writing, decedent divested himself of certain corporate capital stocks and acquired in consideration thereof the right to receive the sum of $50,000 per annum for the rest of his life. Respondent has valued the right at $1,250,000, and has included such value in the amount of the gross estate of decedent.

For reasons which will presently appear, we will not discuss the amount of this valuation further than to point out that it is manifestly in excess of the value which would be computed as of the date of decedent's death rather than the date of the transfer in 1909, upon a basis of the life expectancy of a man "69 or 70 years old," and in our opinion it is grossly overstated.

We are unable to agree with respondent in his contention that the transfers of the stocks in 1909 resulted in a reservation of an interest therein. The transfers of the stocks were absolute. The transferees entered at once into possession and enjoyment of the properties. In our view decedent exchanged the stock of the Great Southern Lumber Co. for an annuity which has been defined to be "the obligation by a person or company to pay to the annuitant a certain sum of money at stated times during life or a stated number of years in consideration of a gross sum paid for such obligation." *Chisholm v. Shields*, 66 N. E. 93; 67 Oh. St. 374. We have uniformly held that such an annuity is not interest or rent and it is paid in consideration of the acquisition of the property. It is the cost of the property. *Steinbach Co.*, 3 B. T. A. 348; *John C. Moore Corporation*, 3 B. T. A. 430; *Robert Long*, 5 B. T. A. 438; *Florence L. Klein*, 6 B. T. A. 617. The annuity was the agreed consideration to be paid in exchange for the stock.

We do not think that it can be held that any amount of income was "reserved" to decedent. There was no amount of income then determinable, since it was dependent upon the unknown quantities of future earnings and the amounts of future declarations of dividends. On the other hand, the transferee was obligated to pay the annuity regularly and without reference to the results of its opera-

tions. The obligation to pay the annuity was fixed and entirely devoid of contingencies.

The death of decedent, of course, was determinative of the aggregate amount which the transferee would be required to pay for the stock, but it was not significant with reference to the title of transferee, for that was acquired in full in 1909 when the transfer was made. Cf. *In re Thorne's Estate*, 60 N. Y. S. 419; *In re Edgerton's Estate*, 54 N. Y. S. 700; *Polk* v. *Miles*, 268 Fed. 175; *Lincoln* v. *United States*, 65 Ct. Cls. 198.

It follows that respondent is reversed.

> *Judgment will be entered on 15 days' notice, under Rule 50.*